IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MAXIEL DE LA GARZA,** | § § § | |
| Plaintiff, | § § | Civil Action No. 4:24-cv-1903 |
| v. | § § | |
| **WELLS FARGO BANK, N.A.,** | § § § | |
| Defendant. | § | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

COMES NOW, Defendant Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-FXD2 Asset-Backed Certificates Series 2007-FXD2 ("Defendant"), and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this its Reply in Support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully shows as follows:

### REPLY

**A.   Plaintiff's breach of contract claim is barred by the Statute of Frauds.**

1. With respect to his breach of contract claim, Plaintiff argues that Defendant's alleged oral promise to place the account on loss mitigation hold for a 90-day period is not subject to the statute of frauds.  This is a misstatement of the law.

2. As Defendant asserted in its Motion to Dismiss, any modification to an existing mortgage agreement must be in writing if the "modification encompasses or relates to a matter that must be in writing." *Deuley v. Chase Home Finance, LLC*, Civil Action No. H-05-04253, 2006 WL 1155230, at *2 (S.D. Tex., Apr. 26, 2006).  When a purported oral modification relates

to an original loan agreement that exceeds fifty thousand dollars, that oral modification must be reduced to writing. *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-cv-370, 2010 WL 1026968, at *4 (E.D. Tex., Feb. 16, 2010).

3. Further, any alleged oral promise by a lender not to foreclose is subject to the statute of frauds and must be reduced to writing to be enforceable. *Chapa v. Chase Home Finance LLC*, No. C-10-359, 2010 WL 5186785 *4 n.3 (S.D. Tex., Dec. 15, 2010); *Ellen v. F.H. Partners, LLC*, No. 03-09-00310-CV, 2010 WL 4909973 *6 (Tex. App.—Austin, Dec. 1, 2010, no pet.) *See, e.g., Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 794 (5th Cir. 2014) ("[B]ecause the loan agreement between Law and Ocwen for $284,000 was required to satisfy the Statute of Frauds, so too was the proposed modification agreement. Because the loan modification proposal failed to do so, it was not a valid contract upon which a claim of a breach can be based."); *Luebano v. Seterus, Inc.*, No. H-13-0079, 2013 U.S. Dist. LEXIS 44908, 2013 WL 12155019, at *1 (S.D. Tex. Mar. 28, 2013) ("Because there is no written agreement to forbear collecting mortgage payments or delay foreclosure, the plaintiffs' breach of contract claim was barred by the statute of frauds.").

4. Plaintiff in her Response offers no authority holding otherwise. Accordingly, Defendant's Motion to Dismiss should be granted.

### B. Plaintiff's promissory estoppel claim is barred by the Statute of Frauds.

5. Plaintiff in her Response argues that her promissory estoppel claim is not barred by the statute of frauds because the unnamed SLS representative promised to memorialize their oral agreement in writing. This is a misstatement of the law.

6. As Defendant asserted in its Motion, promissory estoppel requires that "the agreement that is the subject of the promise must comply with the statute of frauds. That is, the

agreement must be in writing at the time of the oral promise to sign it." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010) (*citing Exxon Corp. v. Breezevale L*td., 82 S.W.3d 429, 438 (Tex. App.—Dallas 2002, pet. denied)).

7. "Furthermore, a claim of promissory estoppel generally cannot be used to circumvent the statute of frauds." *Johnson v. Wilmington Trust, N.A.*, No. H-18-489, 2019 U.S. Dist. LEXIS 99444, 2019 WL 2453448, at *22 (S.D. Tex. May 16, 2019). A claim for promissory estoppel can only survive the statute of frauds if the promise is "to sign an already existing written agreement that would satisfy the statute of frauds." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256-57 (5th Cir. 2013); *1001 McKinney Ltd. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 29 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)("A mere promise to prepare a written contract is not sufficient."); *Stolts v. Wells Fargo Bank, N.A.*, 31 F.Supp.3d 876, 881 n.4 (S.D.Tex. 2014) (dismissing promissory-estoppel claim because a promise that a loan modification was "under consideration" is too indefinite and vague).

8. Thus, Plaintiff's promissory estoppel claim fails as a matter of law. A mere allegation that plaintiff was told that an oral agreement would later be memorialized is insufficient. *Diaz v. Deutsche Bank,* No. 5:14-CV-121, 2015 U.S. Dist. LEXIS 182834 *9-10 (S.D. Tex. Sept. 10, 2015). Plaintiff offers nothing in her pleading, nor argument in her Response, that any writing ever existed. Accordingly, Defendant's Motion should be granted.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted, that each of Plaintiff's claims as set forth above be dismissed with prejudice, and that Defendant be awarded all other relief to which it may be entitled.

Respectfully submitted,

By:   */s/ Nicholas M. Frame*
      **NICHOLAS M. FRAME**
      Texas Bar No. 24093448
      Southern District No. 3121681
      nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650 Telephone
(214) 635-2686 Fax

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 21, 2024, a true and correct copy of the foregoing document was delivered via ECF notification to the counsel of record listed below:

Robert C. Vilt
Vilt Law, P.C.
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Tel: (713) 840-7570
Fax: (713) 877-1827
clay@viltlaw.com
*Attorney for Plaintiff*

   */s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**